IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KRISTOPHER D. MATTHEWS, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> A PLUS COMMERCIAL TIRE SERVICE LLC and NOEL BURKE, <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br><br><br> For Violations of the Fair Labor Standards Act of 1938, As Amended <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW the Plaintiff, Kristopher D. Matthews ("Matthews"), by and through his undersigned counsel, and files this Complaint on behalf of himself and all others similarly situated against A Plus Commercial Tire Service, LLC ("A Plus") and Noel Burke ("Burke") pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, as amended (hereinafter "the FLSA"), and in support thereof would state as follows:

### I. INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy violations of the minimum wage and overtime provisions of the Act

by Defendants which have deprived the named Plaintiff, as well as others similarly situated to the Plaintiff, of their lawful wages.

2. Other current and former employees of Defendants are also entitled to receive regular and overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiff is permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employee wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b). Plaintiff's consent form is attached hereto as "Exhibit 1."

3. This action is brought to recover unpaid regular and overtime compensation owed to the Plaintiff pursuant to the FLSA. The Plaintiff has been employed by Defendants, working as a service tire driver for A Plus.

4. During the applicable statute of limitations prior to the filing of this Complaint (three years), Defendants have committed violations of the FLSA by failing to compensate Plaintiff at an overtime rate for hours worked in excess of 40 hours in a given workweek.

5. Plaintiff seeks unpaid compensation for work performed, an equal amount of liquidated damages to compensate her for the delay in payment of money

due which Defendants instead used as working capital, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## II.  JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

7. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants conduct business within this District.

## III.  PARTIES

8. Plaintiff KRISTOPHER MATTHEWS resides in Jackson, Georgia and is a citizen of the United States.  Mathews was employed by the Defendant as a service truck driver.  He worked for Defendant within this District.

9. At all times material to this action, the named Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit.  This same individual is further covered by § 206 and § 207 of the FLSA for the period in which he was employed by Defendants.

10. Defendant A PLUS COMMERCIAL TIRE SERVICE LLC is a corporation based in McDonough, Georgia, which conducts business within this State and District and maintains its principal place of business at 1809 Meredith Park Dr., McDonough, GA 30253.  A Plus Commercial Tire Service, LLC owns and operates a business specializing in tire repair.

11. A PLUS COMMERCIAL TIRE SERVICE LLC is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Noel Burke, 7104 Madrid Circle, Locust Grove, GA 30252.

12. Defendant NOEL BURKE is the owner and operator of A Plus, and has control over the day-to-day operations of A Plus, including, but not limited to, the compensation of A Plus's employees and the hours those employees work.

13. Defendant Burke maintained actual and constructive control, oversight, and direction over the operation of A Plus's employees, including the pay practices of those employees.

14. At all times material to this action, Defendant A Plus was an enterprise engaged in commerce, as defined by Section 203(s)(1) of the FLSA. Defendant specializes in the repair and provision of tires manufactured outside of the State of Georgia for the benefit of Defendant's clients.

Defendant utilizes bank accounts with banking entities which transact business outside the State of Georgia.  Defendant utilizes tools and materials manufactured outside the state of Georgia for the benefit of Defendant's clients.  Technology, such as computers and telephones, which were manufactured outside the state of Georgia, is integral to the running of Defendant's business.  At all times material to this action, Defendant has had an annual gross volume of business which exceeded $500,000.00 at all times material to this action.

15. At all times material to this action, Defendants were "employers" of the named Plaintiff, as defined by § 203(d) of the FLSA.

16. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## IV.  VIOLATIONS OF THE FLSA

### COUNT I - Unpaid Overtime Compensation

17. Defendant employed Plaintiff as a service truck driver.

18. Plaintiff was regularly forced to work more than 40 hours without being paid overtime compensation.

19. Plaintiff did not receive any compensation for hours worked in excess of forty during the following weeks: 12/26/16, 1/2/17, 1/9/17, 1/16/17, 1/23/17, 1/30/17, 2/6/17, 2/13/17, 2/13/17, 2/20/17, 2/27/17, 3/6/17, 3/13/17, 3/20/17, 3/27/17, 4/3/17, 4/10/17, 4/17/17, 4/24/17, 5/1/17, 5/8/17, 5/15/17, 5/22/17,

5/29/17, 6/5/17, 6/12/17, 6/19/17, 6/26/17, 7/3/17, 7/10/17, 7/17/17, 7/24/17, 8/7/17, 8/14/17, 8/21/17, 8/28/17, 9/4/17, 9/11/17, 9/18/17, 9/25/17, 10/2/17, 10/9/17, 10/16/17, 10/23/17, 10/30/17, 11/6/17, 11/13/17, 11/20/17, 11/27/17, 12/4/17, 12/11/17, 12/18/17, 1/1/18, 1/8/18, 1/15/18, 1/22/18, 1/29/18, 2/5/18, 2/12/18, 2/19/18, 2/26/18, 3/5/18, 3/12/18, 3/19/18, 3/26/18, 4/2/18, 4/9/18, 4/16/18, 4/23/18, 4/30/18, 5/7/18, 5/14/18, 5/21/18, 5/28/18, 6/4/18, 6/11/18, 6/18/18, 6/25/18, 7/2/18, 7/9/18, 7/16/18, 7/23/18, 7/30/18, 8/6/18, 8/13/18, 8/20/18, 8/27/18, 9/3/18, 9/10/18, 9/17/18, 9/24/18, 10/1/18, 10/8/18, 10/15/18, 10/22/18, 10/29/18, 11/5/18, 11/12/18, 11/19/18, 11/26/18, 12/3/18, 12/10/18, 12/17/18, 12/31/18, 1/7/19, 1/14/19, 1/21/19, 1/28/19, 2/4/19, 2/11/19, 2/18/19, 2/25/19, 3/4/19, 3/11/19, 3/18/19, 3/25/19, 4/1/19, 4/8/19, 4/15/19, 4/22/19, 4/29/19, 5/6/19, 5/13/19, 5/20/19, 5/27/19, 6/3/19, 6/10/19, 6/17/19, 6/24/19, 7/1/19, 7/8/19, 7/15/19, 7/22/19, 7/29/19, 8/5/19, 8/12/19, 8/19/19, 8/26/19, 9/2/19, 9/9/19, 9/16/19, 9/23/19, 9/30/19, 10/7/19, 10/14/19, 10/21/19, 10/28/19, and 11/4/19.

20. Plaintiff seeks unpaid overtime compensation for at least 20 overtime hours per week at his regular hourly rate of fifteen dollars and fifty cents ($15.50) per hour.  Specifically, Plaintiff seeks no less than sixty-eight thousand eight hundred twenty dollars ($68,820.00) (20 [hours] X $15.50 [per hour] X 1.5 [overtime rate] X 148 [weeks]) in unpaid overtime compensation.  Plaintiff

seeks liquidated damages equal to that amount, for a total claim of unpaid overtime wages of one hundred thirty-seven thousand six hundred and forty dollars ($137,640.00), plus attorney's fees and costs.

### COUNT II - Violation of the FLSA's Minimum Wage Provisions

21. Defendant failed to pay Plaintiff his final paycheck, violating the minimum wage provisions of the FLSA.

### COUNT III – Breach of Contract

22. In 2017 Defendants informed Plaintiff that he would be paid by A Plus on a per-job basis and required Plaintiff to sign an employee handbook setting forth that payment arrangement, but Defendants refused to comply with the terms of that arrangement.

## V. PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of regular and overtime compensation due which the Defendant unlawfully used instead as working capital of the business;

B. Compensatory damages related to Defendants' retaliation against Plaintiff;

C. That Plaintiff be awarded prejudgment interest;

D. That Plaintiff be awarded reasonable attorneys' fees;

E. That Plaintiff be awarded the costs and expenses of this action; and

F. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 30th day of December, 2019.

*/s/ Tyler B. Kaspers*
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128
tyler@kaspersfirm.com

Counsel for Plaintiff